UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD ST. CYR, III

VERSUS

CHIEF OF POLICE KEVIN
McDONALD, ET AL

CIVIL ACTION

NUMBER 07-539-FJP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, October 16, 2008.

                                     STEPHEN C. RIEDLINGER
                                     UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD ST. CYR, III

VERSUS

CHIEF OF POLICE KEVIN
McDONALD, ET AL

CIVIL ACTION

NUMBER 07-539-FJP-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the second Motion for Summary Judgment filed by defendants Chief of Police Kevin McDonald, the City of New Roads, Kenath Black and Clarendon Insurance Company. Record document number 28. The motion is opposed.[1]

**Background**

This case arises out of the plaintiff's August 8, 2006 arrest. As a result of events occurring during the arrest, the plaintiff sustained a serious injury to his right knee. Plaintiff sued the City of New Roads Police Department, Police Chief Kevin McDonald, Officer Kenath Black,[2] an unidentified police officer John Doe, and the city's insurer Clarendon American Insurance Company.[3] The

---

[1] Record document number 35.

[2] This defendant was named Kenneth Black in the complaint.

[3] After this motion was filed, the plaintiff amended his complaint to identify two John Doe defendants – Officers Shawntell Johnson and Tony Johnson. Record document number 33. Neither has made an appearance in the case. Consequently, they are not participating in the defendants' motion and this report makes no recommendation regarding any claim against them.

individual defendants were sued in both their individual and official capacities. Plaintiff asserted claims under 42 U.S.C. § 1983 for the use of excessive force and for violation of his rights under the Eighth Amendment based on the denial of medical care.[4] Plaintiff also asserted state law claims for false arrest and/or false imprisonment, assault, battery and infliction of emotional distress.[5] Plaintiff was granted leave to amend his complaint to join as defendants Officers Shawntell Johnson and Tony Johnson.[6]

Defendants' first motion for summary judgment resulted in the dismissal of the plaintiff's Eighth Amendment denial of medical care claim and his federal claims against the City and Chief McDonald.[7] In this motion, the defendants seek dismissal of the plaintiff's state law claims for false arrest and/or imprisonment and for intentional infliction of emotional distress.

Defendants supported their motion with a Statement of Uncontested Facts, the affidavits of Officers Shawntell Johnson and Tony Johnson, the affidavit of Kenath Black,[8] the affidavit of Police Chief Kevin McDonald, the plaintiff's Answers to Interrogatories, and a portion of the testimony of Officers

---

[4] Record document number 1, Complaint, part IV, ¶¶ 3 and 5.

[5] *Id.* ¶¶ 6 and 7

[6] Record document number 33.

[7] Record document number 32.

[8] Black is no longer a New Roads police officer.

Shawntell Johnson and Tony Johnson given at the plaintiff's trial on the misdemeanor resisting arrest charge.[9] Defendants argued that: (1) the plaintiff was arrested based on a valid outstanding warrant; and (2) the plaintiff cannot sustain his burden of proof on his intentional infliction of emotional distress claim.

Plaintiff opposed the motion relying on a Statement of Contested Material Facts, the affidavits of the plaintiff, Emanuel Craig Jones and Dr. Janet E. Lewis, a photograph showing his injured leg, and several lines from the trial testimony of Officer Shawntell Johnson.[10] Plaintiff did not make any argument in support of his false arrest and/or imprisonment claim. As to his claim for intentional infliction of emotional distress, he argued that there is at least sufficient summary judgment evidence to create a genuine dispute for trial.

### Summary Judgment Standard and Applicable Law

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment

---

[9] These are the same affidavits and other summary judgment evidence the defendants relied upon to support their first motion. See record document number 23. Defendants' Statement of Uncontested Facts is different.

[10] These are the same affidavits and other summary judgment evidence the plaintiff relied on to oppose the defendants' first motion for summary judgment. See record document number 24. Plaintiff's Statement of Contested Material Facts is different.

4

as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). If the moving party carries its burden under Rule 56©), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence or resolve factual disputes. *Id.*; *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992). The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).

Under Louisiana law, the tort of false imprisonment or false arrest consists of two essential elements: detention of the person and the unlawfulness of the detention. *Plaisance v. Thibodeaux*, 05-988 (La. App. 5 Cir. 4/25/2006) 930 So.2d 1009, 1002; *Plessy v.*

*Hayes Motor Co., Inc.*, 31,974 (La. App. 2 Cir.6/16/99), 742 So.2d 934, 938; *Tabora v. City of Kenner*, 94-613 (La. App. 5 Cir. 1/18/95), 650 So.2d 319, writ denied, 95-0402 (La. 3/30/95), 651 So.2d 843.

Plaintiff also asserted a claim for intentional infliction of emotional distress under Louisiana Civil Code Article 2315.  In order to recover for intentional infliction of emotional distress, a plaintiff has the burden of proving: (1) that the conduct of the defendants was extreme and outrageous; (2) that the emotional distress suffered by him was severe; and (3) that the defendants desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from their conduct.  *White v. Monsanto Co.*, 585 So.2d 1205, 1209-10 (La. 1991); *Moresi v. State, Department of Wildlife and Fisheries*, 567 So.2d 1081, 1095 (La. 1990); *Deus v. Allstate Insurance Co.*, 15 F.3d 506, 514 (5th Cir. 1994).  The conduct complained of must be so outrageous in character and so extreme in degree that it goes beyond all possible bounds of decency and is regarded as utterly intolerable in a civilized community.  *Id.*  Liability arises only where the mental suffering or anguish is extreme, and the distress suffered must be such that no reasonable person could be expected to endure it.  *White*, 585 So.2d at 1210.

## Analysis

### False arrest and/or imprisonment claim

According to defendant Officer Shawntell Johnson's affidavit, on August 8, 2006 there was an active warrant for the plaintiff's arrest. Neither she nor the other defendants identified the charge nor was a copy of this warrant offered to support their motion. Nonetheless, the plaintiff offered no summary judgment evidence contesting the existence of a valid arrest warrant and made no argument opposing the dismissal of his false arrest and/or imprisonment claim. Therefore, there are no disputed issues of material fact regarding this claim and the defendants are entitled to summary judgment dismissing it.

### Intentional Infliction of Emotional Distress Claim

Defendants' Statement of Uncontested Facts and the affidavits offered to support their motion assert facts substantially different from those described in the plaintiff's Statement of Contested Material Facts and the affidavits relied upon by him. In resolving this motion the court must review all the evidence and the record taken as a whole in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. After doing so, it is clear that the plaintiff has not presented sufficient summary judgment evidence to create a genuine dispute regarding each element of his claim for intentional infliction of emotional distress.

Even if a reasonable jury could find in favor of the plaintiff on the first and third elements of this claim, i.e. that the conduct of the defendants was extreme and outrageous, and that the defendants desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from their conduct, no reasonable jury could find that the emotional distress actually suffered by the plaintiff was severe.

Plaintiff suffered the general emotional distress which accompanies surgery and recovery from it. At worst, the plaintiff suffered the sort of emotional distress which accompanies an arrest - an arrest which the plaintiff does not contest as unlawful. Plaintiff described in his affidavit the unprovoked use of force and physical injury he claims occurred during the arrest. However, the plaintiff failed to describe in his affidavit, or otherwise provide any evidence of, severe emotional injury resulting from the use of force or his injury. For example, the plaintiff did not offer evidence that he sought mental health treatment or counseling, had nightmares, lost an excessive amount of sleep worrying about his recovery from the surgery, or any other information suggesting that his mental distress was severe. Plaintiff's affidavit simply does not describe the kind of extreme mental suffering or anguish which no person could be expected to endure. Therefore, there are no disputed issues of material fact

regarding this claim and the defendants are entitled to summary judgment dismissing it.

### **Recommendation**

It is the recommendation of the magistrate judge that the second Motion for Summary Judgment filed by defendants Chief of Police Kevin McDonald, the City of New Roads, Officer Kenath Black and Clarendon Insurance Company be granted, dismissing the plaintiff's state law claims against them for false arrest and/or imprisonment and for intentional infliction of emotional distress.

Baton Rouge, Louisiana, October 16, 2008.

                                                                     _____
                                                                     STEPHEN C. RIEDLINGER
                                                                     UNITED STATES MAGISTRATE JUDGE