UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD ST. CYR, III

VERSUS

CHIEF OF POLICE KEVIN
McDONALD, ET AL

CIVIL ACTION

NUMBER 07-539-FJP-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 2, 2008.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD ST. CYR, III

VERSUS

CHIEF OF POLICE KEVIN
McDONALD, ET AL

CIVIL ACTION

NUMBER 07-539-FJP-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the Motion for Summary Judgment Re: Prescription filed by defendants Shawntell Johnson and Tony Johnson. Record document numbers 37 and 42.[1] The motion is opposed.[2]

### Background

This case arises out of the plaintiff's August 8, 2006 arrest. As a result of events occurring during the arrest, the plaintiff sustained a serious injury to his right knee. Plaintiff sued the City of New Roads Police Department, Police Chief Kevin McDonald,

---

[1] Defendants Officers Shawntell Johnson and Tony Johnson originally filed Defendants' Rule 12(b)(6) Motion to Dismiss. Record document number 37. Because the motion was supported with evidence outside of the pleadings, the district judge converted it to a motion for summary judgment. Record document number 38. Both the converted motion to dismiss and the subsequent motion for summary judgment are based on the defense of prescription. Since both motions seek the same relief on the same ground, this report and recommended disposition is applicable to both motions.

[2] Record document numbers 48 and 49.

2

Officer Kenath Black,[3] an unidentified police officer John Doe, and the city's insurer Clarendon American Insurance Company. The individual defendants were sued in both their individual and official capacities. Plaintiff asserted claims under 42 U.S.C. § 1983 for the use of excessive force and for violation of his rights under the Eighth Amendment based on the denial of medical care.[4] Plaintiff also asserted state law claims for false arrest and/or false imprisonment, assault, battery and infliction of emotional distress.[5] Plaintiff was granted leave to amend his complaint to join as defendants Officers Shawntell Johnson and Tony Johnson.[6] The claim against these defendants is based on the allegation that neither of them took any action to stop the unjustified attack and use of excessive force by defendant Black.

Defendants' first motion for summary judgment resulted in the dismissal of the plaintiff's Eighth Amendment denial of medical care claim and his federal claims against the City and Chief McDonald.[7] Defendants' second motion for summary judgment resulted in dismissal of the plaintiff's state law claims for false arrest

---

[3] This defendant was named Kenneth Black in the complaint.

[4] Record document number 1, Complaint, part IV, ¶¶ 3 and 5.

[5] *Id.* ¶¶ 6 and 7

[6] Record document number 33.

[7] Record document number 34. Officers Shawntell Johnson and Tony Johnson were not defendants when the first motion for summary judgment was filed.

and/or imprisonment and for intentional infliction of emotional distress.[8]

This is the first motion for summary judgment filed by defendants Officers Shawntell Johnson and Tony Johnson.[9] Defendants supported their motion with a Statement of Uncontested Facts, the plaintiff's original and amended complaints, the plaintiff's initial disclosures and answers to interrogatories, the affidavits of the plaintiff and Emmanuel Craig Jones,[10] the warrant for the plaintiff's arrest and the misdemeanor summons issued to the plaintiff, a portion of the testimony given at the plaintiff's trial on the misdemeanor resisting arrest charge, and demand letters sent by the plaintiff's attorney to New Roads Police Chief Kevin McDonald and the Mayor of New Roads.

Defendants argued that the plaintiff's claims against them are prescribed under state law.

Plaintiff opposed the motion relying on a Statement of Contested Facts, the original complaint, the affidavits of the

---

[8] Record document number 43. Officers Shawntell Johnson and Tony Johnson were not defendants when the second motion for summary judgment was filed.

[9] Hereafter, "defendants" refers to Officers Shawntell Johnson and Tony Johnson.

[10] These are the same affidavits relied upon to support the first and second motions for summary judgment. See record document number 23. Defendants' Statement of Uncontested Facts is different.

plaintiff and Emanuel Craig Jones,[11] the plaintiff's answers to interrogatories, an affidavit by plaintiff's attorney, two communications sent by the undersigned to the parties' attorneys by facsimile, a Criminal Commitment form, and other pleadings and documents filed in the court record.

Plaintiff argued that the timely filing of his complaint interrupted the running of prescription as to all defendants in accordance with Louisiana Civil Code article 3462.  Plaintiff also argued that under Rule 15(c), Fed.R.Civ.P., the amended complaint joining Officers Shawntell Johnson and Tony Johnson relates back to the date the original complaint was filed.

### Summary Judgment Standard and Applicable Law

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law.  Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986).  If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates it can satisfy a reasonable jury that it is entitled to verdict in its favor.  *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.   This burden is not satisfied by some

---

[11] These are the same affidavits relied upon by the defendants.

metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor.  *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513.  The court may not make credibility findings, weigh the evidence or resolve factual disputes.  *Id.; International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).  The substantive law dictates which facts are material.  *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).

It is well settled that in §1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989);  *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976).  For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year.  LSA-C.C. art. 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977).  The federal court also applies the state's tolling and rules.  *Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir.

1993)("Consistent with the practice of borrowing state statutes of limitations for § 1983 claims, federal courts also look to state law for its tolling provisions.")  Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.  LSA-C.C. art. 2324(C).  Louisiana law also provides that when prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors.  LSA-C.C. art. 3503.

### Analysis

Defendants only argued that because the plaintiff knew of their involvement in the event, and knew or should have known of their identities, the plaintiff should have sued them within the year after the event.  Defendants do not dispute that the plaintiff timely filed suit against defendants City of New Roads, Chief McDonald and Black in this court.[12]  Defendants do not dispute that the plaintiff alleged they are jointly and solidarily liable with the other defendants.[13]  Nor did the defendants argue that the facts alleged regarding their involvement in the event, when considered with the facts alleged regarding defendant Black, are insufficient to state a claim against them.  Therefore, the plaintiff's claims

---

[12] Nor do the defendants dispute this court's jurisdiction or venue.  LSA-C.C. art. 3462 (prescription interrupted by suit in a court of competent jurisdiction and venue).

[13] Record document number 33, Amended Complaint, ¶ 14.

against defendants Officers Shawntell Johnson and Tony Johnson are not prescribed under state law.[14]

### Recommendation

It is the recommendation of the magistrate judge that the Motion for Summary Judgment Re: Prescription filed by defendants Officers Shawntell Johnson and Tony Johnson be denied.

Baton Rouge, Louisiana, December 2, 2008.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[14] It is not necessary to address the plaintiff's alternative argument based on Rule 15(c).