UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD ST. CYR, III

VERSUS

CHIEF OF POLICE KEVIN
McDONALD, ET AL

CIVIL ACTION

NUMBER 07-539-FJP-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 13, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD ST. CYR, III

VERSUS

CHIEF OF POLICE KEVIN
McDONALD, ET AL

CIVIL ACTION

NUMBER 07-539-FJP-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the Motion for Summary Judgment filed by defendants Shawntell Johnson and Tony Johnson. Record document number 53. The motion is opposed.[1]

### Background

This case arises out of the plaintiff's August 8, 2006 arrest. As a result of events occurring during the arrest, the plaintiff sustained a serious injury to his right knee. Plaintiff sued the City of New Roads Police Department, Police Chief Kevin McDonald, Officer Kenath Black,[2] an unidentified police officer John Doe, and the city's insurer Clarendon American Insurance Company. The individual defendants were sued in both their individual and official capacities. Plaintiff asserted claims under 42 U.S.C. § 1983 for the use of excessive force and for violation of his rights

---

[1] Record document numbers 54.

[2] This defendant was named Kenneth Black in the complaint.

2

under the Eighth Amendment based on the denial of medical care.[3] Plaintiff also asserted state law claims for false arrest and/or false imprisonment, assault, battery and infliction of emotional distress.[4] Plaintiff was granted leave to amend his complaint to join as defendants Officers Shawntell Johnson and Tony Johnson.[5] The claim against these defendants is based on the allegation that neither of them took any action to stop the unjustified attack and use of excessive force by defendant Black.

Defendants' first motion for summary judgment resulted in the dismissal of the plaintiff's Eighth Amendment denial of medical care claim and his federal claims against the City and Chief McDonald.[6] Defendants' second motion for summary judgment resulted in dismissal of the plaintiff's state law claims for false arrest and/or imprisonment and for intentional infliction of emotional distress.[7] The first motion for summary judgment filed by defendants Officers Shawntell Johnson and Tony Johnson, based on the defense of prescription, is still pending.[8]  A magistrate

---

[3] Record document number 1, Complaint, part IV, ¶¶ 3 and 5.

[4] *Id.* ¶¶ 6 and 7.

[5] Record document number 33.

[6] Record document number 34.  Officers Shawntell Johnson and Tony Johnson were not defendants when the first motion for summary judgment was filed.

[7] Record document number 43.  Officers Shawntell Johnson and Tony Johnson were not defendants when the second motion for summary judgment was filed.

[8] Record document number 37.

judge's report was issued December 2, 2008 recommending that the motion be denied.[9]

This is the second motion for summary judgment filed by defendants Officers Shawntell Johnson and Tony Johnson. Hereafter, "defendants" refers to Officers Shawntell Johnson and Tony Johnson. Defendants supported their motion with a Statement of Uncontested Facts, their own affidavits, the affidavit of defendant Kenath Black, the plaintiff's affidavit, the affidavit of Emmanuel Craig Jones, and portions of the testimony given at the plaintiff's trial on the misdemeanor resisting arrest charge.[10]

Defendants argued that neither of them had a reasonable opportunity to realize that defendant Black was going to use excessive force against the plaintiff and to stop him from doing so.

Plaintiff opposed the motion relying on a Statement of Contested Material Facts, and the affidavits of the plaintiff and Emanuel Craig Jones.[11]

---

[9] Record document number 52.

[10] The affidavits of defendants Officers Shawntell Johnson and Tony Johnson are the same as their affidavits offered in support of the motion for summary judgment filed June 30, 2008. Record document number 23. The affidavit of Kenath Black and the portions of the trial transcript are the same as his affidavit and the transcript extract filed in support of the same motion. The affidavits of the plaintiff and Emanuel Craig Jones are the same as their affidavits filed October 13, 2008, record document number 35, offered in the opposition to the motion for summary judgement filed September 24, 2008, record document number 28.

[11] These are the same affidavits relied upon by the defendants.

Plaintiff argued that the evidence, viewed in his favor shows, that both defendants were present and standing close by when defendant Black commenced his use of force against the plaintiff, but neither did anything to stop Black.

### **Summary Judgment Standard and Applicable Law**

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates it can satisfy a reasonable jury that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence or resolve factual disputes. *Id.*; *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir.

1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).

The applicable substantive law determines which facts are material, so that a genuine issue as to those facts will preclude summary judgment. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). It is well established that "an officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995); *Harris v. Chanclor*, 537 F.2d 203, 205-06 (5th Cir. 1976).

### Analysis

The summary judgment evidence as a whole, viewed in the light most favorable to the plaintiff, is sufficient to create a genuine dispute as to whether defendant Officers Shawntell Johnson and Tony Johnson were in positions to observe the use of excessive force by defendant Black. A reasonable jury could find that both defendants were present when the use of excessive force by defendant Black occurred, could have taken some action to stop it, and that neither intervened. To grant the defendants' motion would require the court to choose the defendants' version of what happened as the more credible, which the court cannot do.

### Recommendation

It is the recommendation of the magistrate judge that the Motion for Summary Judgment filed by defendants Officers Shawntell

Johnson and Tony Johnson be denied.

Baton Rouge, Louisiana, January 13, 2009.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE