UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD ST. CYR, III

VERSUS

CHIEF OF POLICE KEVIN
McDONALD, ET AL

CIVIL ACTION

NUMBER 07-539-FJP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, September 16, 2009.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD ST. CYR, III

VERSUS

CHIEF OF POLICE KEVIN
McDONALD, ET AL

CIVIL ACTION

NUMBER 07-539-FJP-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the defendants' Motion to Dismiss, which the court will consider as a motion for summary judgment. Record document number 67.[1] The motion is opposed.[2]

**Background**

This case arises out of the plaintiff's August 8, 2006 arrest. As a result of events occurring during the arrest, the plaintiff sustained a serious injury to his right knee. Plaintiff sued the City of New Roads Police Department, Police Chief Kevin McDonald, Officer Kenath Black,[3] an unidentified police officer John Doe, and the city's insurer Clarendon American Insurance Company. The individual defendants were sued in both their individual and official capacities. Plaintiff asserted claims under 42 U.S.C. § 1983 for the use of excessive force and for violation of his rights

---

[1] Pursuant to Rule 12(d), Fed.R.Civ.P., the court notified the parties that the motion will be treated as a motion for summary judgment. Record document number 69.

[2] Record document numbers 70.

[3] This defendant was named Kenneth Black in the complaint.

under the Eighth Amendment based on the denial of medical care.[4] Plaintiff also asserted state law claims for false arrest and/or false imprisonment, assault, battery and infliction of emotional distress.[5] Plaintiff was granted leave to amend his complaint to join as defendants Officers Shawntell Johnson and Tony Johnson.[6] The claim against these defendants is based on the allegation that neither of them took any action to stop the unjustified attack and use of excessive force by defendant Black.

Defendants' first motion for summary judgment resulted in the dismissal of the plaintiff's Eighth Amendment denial of medical care claim and his federal claims against the City and Chief McDonald.[7] Defendants' second motion for summary judgment resulted in dismissal of the plaintiff's state law claims for false arrest and/or imprisonment and for intentional infliction of emotional distress.[8]

The first motion for summary judgment filed by defendants Officers Shawntell Johnson and Tony Johnson, based on the defense

---

[4] Record document number 1, Complaint, part IV, ¶¶ 3 and 5.

[5] *Id.* ¶¶ 6 and 7.

[6] Record document number 33.

[7] Record document number 34.  Officers Shawntell Johnson and Tony Johnson were not defendants when the first motion for summary judgment was filed.

[8] Record document number 43.  Officers Shawntell Johnson and Tony Johnson were not defendants when the second motion for summary judgment was filed.

2

of prescription,[9] was denied.[10]  The second motion for summary judgment filed by defendants Officers Shawntell Johnson and Tony Johnson[11] was also denied. [12]

This is the fifth dispositive motion filed by one or more defendants.  Defendants argued that the plaintiff's claims are barred by *Heck v. Humphrey*.[13]  Defendants relied on the transcript of the plaintiff's criminal trial to support their motion.[14]

Plaintiff opposed the motion relying on a Statement of Contested Material Facts,[15] the Victim Offender Report,[16] the Incident Report,[17] the affidavits of the plaintiff,[18] Emanuel Craig Jones,[19] and Kevin Sterling,[20] and a page from the plaintiff's

---

[9] Record document number 37.  Defendants filed a Rule 12(b)(6) motion to dismiss which the court converted to a Rule 56 motion for summary judgment.

[10] Record document number 56.

[11] Record document number 53.

[12] Record document number 57.

[13] 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

[14] Record document number 67-2.

[15] Record document number 70-2.

[16] Record document number 70-3, exhibit 1.

[17] *Id.*, exhibit 2

[18] *Id.*, exhibit 3.

[19] *Id.*, exhibit 4.

[20] *Id.*, exhibit 5.

criminal trial transcript.[21]

Plaintiff argued that since he was convicted of one charge of resisting arrest related to Officer Shawntell Johnson and was not charged with resisting any other officer, a finding that defendant Black used excessive force against the plaintiff would not be barred by *Heck*.

### Summary Judgment Standard and Applicable Law

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law.  Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986).  If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates it can satisfy a reasonable jury that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.  This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  In resolving the motion the court must review all the evidence and the record taken as a whole in the light most

---

[21] *Id.*, exhibit 6.

favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence or resolve factual disputes. *Id.; International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).

The applicable substantive law determines which facts are material, so that a genuine issue as to those facts will preclude summary judgment. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).

"It is well settled that, under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that [the] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006), quoting *Heck*, 512 U.S. at 486-87, 114 S.Ct. 2364. Although the *Heck* principle applies to § 1983 excessive force claims, the determination of whether such claims are barred is analytical and fact-intensive, requiring the court to

5

focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction. *See id.* at 401, quoting *Arnold v. Slaughter*, 100 Fed.Appx. 321, 323 (5th Cir.2004)(unpublished)("[T]he *Heck* determination depends on the nature of the offense and of the claim.")

## **Analysis**

The summary judgment evidence as a whole, viewed in the light most favorable to the plaintiff, is at least sufficient to create a genuine dispute as to whether success on the plaintiff's excessive force claim would negate an element of the criminal charge of which he was convicted or proof of a fact that is inherently inconsistent with one underlying that conviction.

First, the defendants have not shown that the plaintiff was charged with resisting any attempt to arrest him by anyone other than defendant Officer Shawntell Johnson. Defendants did not rely on the charging document to support their motion.[22] According to

---

[22] The charging document was filed with the Motion for Summary Judgment Re: Prescription filed previously by defendants Officers Shawntell Johnson and Tony Johnson. Record document number 42-4, exhibit H. Plaintiff was issued a Misdemeanor Summons for violating LA R.S. 14:679(B)(3), theft and 14:108 resisting an officer. The Misdemeanor Summons indicates that the charges were based on conduct "AS SWORN ON THE ATTACHED STATEMENT." No statement was attached to the Misdemeanor Summons. A Statement of Uncontested Facts was filed with the defendants' earlier motion.
(continued...)

the plaintiff's statement of contested material facts, the plaintiff was charged only with resisting arrest with respect to defendant Officer Shawntell Johnson, and she was the only officer to file a criminal charge against the plaintiff.[23]  While there was testimony at the criminal trial that the plaintiff also resisted defendant Officer Tony Johnson, the defendants have not shown that the plaintiff was charged with a crime based on any such resistance.  Furthermore, there is no summary judgment evidence that the plaintiff was charged with any crime related to his encounter with defendant Black.

A jury could reasonably find from the summary judgment evidence that any resistance to defendant Officer Shawntell Johnson had ended well before the use of force by defendant Black.[24]  These two events - the attempted arrest by defendant Officer Shawntell

---

[22](...continued)
Record document number 42-2.  According to Statement 4, the Misdemeanor Summons was signed by the plaintiff, "with Officers Shawntell Johnson and Tony Johnson as witnesses."  Actually, the Misdemeanor Summons indicates that it was issued by "Ofc. Shawntell Johnson," with "Cpl. T. Johnson" as the only witness.

[23] Record document number 70-2, statements 1 and 9. Plaintiff's Statement of Contested Material Facts has not been controverted by the defendants.  Therefore, there is at least a dispute as to whether the plaintiff was charged with resisting any officer other than defendant Officer Shawntell Johnson.

[24] Record document number 67-2, exhibit A, pp. 8-9, 14-15; Record document number 70-2, Statement of Contested Material Facts, statements 11 and 15.  Likewise, a jury could easily find that any resistance to defendant Officer Tony Johnson had ended before the use of excessive force by defendant Black.  Record document number 67-2, exhibit A, pp. 17-18.

7

Johnson and the subsequent use of excessive force by defendant Black - are temporally and conceptually distinct. A determination that defendant Black used excessive force against the plaintiff would not imply the invalidity of the plaintiff's conviction for earlier resisting defendant Officer Shawntell Johnson's efforts to arrest him. Consequently, the plaintiff's excessive force claim is not barred by *Heck*.

## Recommendation

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss, considered as a motion for summary judgment, be denied.

Baton Rouge, Louisiana, September 16, 2009.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE